### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY JOE EDWARDS,                )  |  |
|                         Petitioner,   ) | |
| v.                                                                ) | Case No. CIV-04-1765-L |
|                                    ) | |
| JOHN WHETSEL, SHERIFF,              ) | |
| OKLAHOMA COUNTY,                      ) | |
|                         Respondent.[1]  ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state pre-trial detainee appearing *pro se*, brings this action pursuant to 28 U.S.C. §2241 seeking a writ of habeas corpus.[2] The matter has been referred for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed the Petition and for the

---

[1] In addition to John Whetsel, Petitioner has identified additional individuals as respondents in this action. However, because Petitioner is currently detained at the Oklahoma County Detention Center as a state pre-trial detainee, John Whetsel is his current custodian and the only proper respondent. *See* 28 U.S.C. § 2242.

[2] Petitioner has filed an Amended Petition [Doc. #12] and a Complaint [Doc. #16] and seeks to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Both the Amended Petition and the Complaint indicate, however, that Petitioner is a state pre-trial detainee and seeks as relief in this action dismissal of pending criminal charges and his immediate release from confinement. The appropriate form of relief for Petitioner is under 28 U.S.C. §2241 which gives district courts the power to entertain an application for a writ of habeas corpus on behalf of a petitioner purportedly "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-493 (1973). This action, therefore, will be construed as a request for habeas relief pursuant to 28 U.S.C. § 2241. Plaintiff's requests to receive from the Court Clerk a copy of 28 U.S.C. § 1331 [Doc. ##23 and 24] are denied.

reasons set forth below, it is recommended that the Petition be summarily dismissed without prejudice to refiling.[3]

Petitioner is currently detained in the Oklahoma County Detention Center awaiting trial on charges of Robbery in the First Degree and Aggravated Attempt to Elude a Police Officer, Case No. CF-2003-6438, District Court of Oklahoma County, State of Oklahoma. Petitioner alleges that he was arrested on December 15, 2004, for failure to appear at a court date scheduled on October 13, 2004. Petitioner further alleges that he was still in the custody of the Oklahoma Department of Corrections (DOC) on October 13, 2004, serving time on a conviction in a different case. Therefore, Petitioner contends he should not have been arrested for failure to appear.

Petitioner claims the State failed to give notice of his October 13, 2004, court date to the DOC and failed to issue a detainer thereby denying Petitioner his constitutional rights to equal protection and due process. Petitioner also claims his rights under the Speedy Trial Act[4] have been violated. Petitioner seeks dismissal of the charges against him and his immediate release from custody.

---

[3]*See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other habeas actions such as the instant case, in the Court's discretion). *See also Boutwell v. Keating*, ___ F.3d ___, No. 03-6278, 2005 WL 419763 at n.2 (10th Cir. Feb. 23, 2005) (for publication).

[4]It is unclear whether Petitioner refers to state or federal law. Oklahoma does not have a speedy trial act which sets forth a specific period of time for a matter to be brought to trial, but does have statutory provisions which generally set forth the expression of the Sixth Amendment right to a speedy trial. *See* Okla. Stat. tit. 22 § 812.1(A). The federal Speedy Trial Act is codified at 18 U.S.C. § 3161 *et seq.*, but does not apply to Petitioner.

The Oklahoma County District Court docket for Case No. CF-2003-6348 reflects that the information was filed on November 21, 2003.[5] Petitioner entered a plea of not guilty at an arraignment conducted on December 18, 2003. An amended information was filed on September 2, 2004. On October 15, 2004, a bench warrant issued for Petitioner's arrest for failure to appear at his pretrial hearing.

The docket further reflects that Petitioner's arraignment on the amended information was conducted on December 17, 2004, at which time Petitioner entered a plea of not guilty. On December 28, 2004, Petitioner filed a Motion for Fast and Speedy Trial Dismissal which was denied by the state district court on January 12, 2005. On January 18, 2005, Petitioner filed a Writ of Mandamus and on January 28, 2005, Petitioner filed a Motion for Dismissal of all Charges and Immediate Release. Petitioner filed a second Writ of Mandamus on March 7, 2005.[6] These matters remain pending before the state district court. Petitioner's pre-trial conference is presently set for April 4, 2005.

## Analysis

As a general rule, federal courts will not entertain pretrial habeas petitions pursuant to long-standing principles of federalism and comity that counsel against federal interference with pending state court proceedings. *See, e.g., Braden v. 30th Judicial Circuit Court of*

---

[5] The Court takes judicial notice of the docket for case number CF-2003-6438, District Court of Oklahoma County, State of Oklahoma. *See* http://www.oscn.netapplications/oscn/getcaseinformation.asp?submitted+true&viewtype=cf-2003-6438&db=Oklahoma&submitted=true.

[6] Petitioner filed a Request to the Court [Doc. # 20] to supplement the record with a copy of this filing. *See id.*, Exhibit H, Writ of Mandamus. Petitioner requests as relief the same relief he requests from the Court in this action, *i.e.*, dismissal of the charges and immediate release.

*Kentucky*, 410 U.S. 484 (1973); *Younger v. Harris*, 401 U.S. 37 (1971).  Special circumstances must exist to overcome this general rule.  *Id.*, *see also Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977); *Williams v. State of Oklahoma*, 399 F. Supp. 400, 401-402 (W.D. Okla. 1975).  Petitioner alleges no special circumstances that would justify federal court interference with his pending state court criminal prosecution.[7]  Therefore, the Court should abstain from exercising jurisdiction over Petitioner's action.

In addition, exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition.  *Braden*, 410 U.S. at 489.  *See also Capps v. Sullivan*, 13 F.3d at 354 n.2 (pretrial habeas petitioner alleging a violation of his speedy trial rights must first satisfy the exhaustion requirement that applies to actions brought pursuant to 28 U.S.C. § 2241); *Royals v. Day*, 446 F. Supp. 887, 888 (W.D. Okla. 1978) ("A federal habeas petitioner asserting a constitutional claim of denial of a speedy trial must have

---

[7]Petitioner does not demand enforcement of his right to a speedy trial.  *Braden*, 410 U.S. at 489-90 (a state pretrial detainee may bring a habeas action in federal court to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial").  Rather, Petitioner seeks immediate release and dismissal of all charges.  A pretrial habeas action is not available for this latter type of relief.  *See, e.g., Capps v. Sullivan*, 13 F.3d 350, 353-354 (10th Cir. 1993) (an attempt to dismiss an indictment or otherwise prevent a prosecution is not actionable through a pretrial federal habeas petition); *Forney v. State of Oklahoma*, No. 98-6234,1998 WL 840941 (10th Cir. Dec. 7, 1998) (unpublished op.) (a state pretrial detainee may not seek habeas relief to forestall state prosecution altogether).  *See also In re Justices of the Superior Court Dept. of the Massachusetts Trial Court*, 218 F.3d 11, 17 n.5 (1st Cir. 2000) (pretrial habeas petition is not available to petitioner claiming a violation of his speedy trial rights and seeking dismissal of the charges against him).  Even if Petitioner were seeking to enforce his right to a speedy trial, as discussed *infra*, he has not demonstrated that he has first exhausted available state remedies with respect to such a claim.

exhausted available State court remedies for consideration by a federal court of that constitutional claim.").

State remedies exist pursuant to which Petitioner could seek redress on his speedy trial claim and his other claims alleging violations of his constitutional rights. *See* Okla. Stat. tit. 22, §§ 812.1 and 812.2 (providing for district court review of any case where "person charged with a crime and held in jail solely by reason thereof is not brought to trial within one (1) year after arrest . . . to determine if the right of the accused to a speedy trial is being protected"). *See also* Okla. Stat. tit. 12, §1331 ("Every person restrained of his liberty, under any pretense whatsoever, may prosecute a writ of habeas corpus to inquire into the cause of the restraint, and shall be delivered therefrom when illegal."); Rule 10.1, Rules of the Court of Criminal Appeals (providing that the Oklahoma Court of Criminal Appeals may review applications for extraordinary writs including writs of mandamus, prohibition and habeas corpus if the applicant has been denied relief in the trial court).

As previously set forth, the state district court docket reflects that Petitioner has pending motions in state court raising issues related to his speedy trial rights. In addition, Petitioner has both state habeas corpus and mandamus actions currently pending before the Oklahoma Court of Criminal Appeals related to Case No. CF-2003-6438.[8]

---

[8] The Court also takes judicial notice of the Oklahoma Court of Criminal Appeals docket reflecting one habeas corpus action and one mandamus action filed by Petitioner and related to Case No. CF-2003-6438 both of which are currently pending. *See* http://www.oscn.net/applications/ oscn/casesearch.asp?query=true&srch=0&web=true&db=Appellate&icasetype=&iDATEL=&iD ATEH=&iCLOSEDL=&iCLOSEDH=&number=&iLast=Edwards&iFirst=Gregory&iMiddle=J
(continued...)

Because matters related to Petitioner's requested relief in this action remain pending before the state courts, the Petition should be dismissed without prejudice to allow Petitioner to exhaust his state court remedies. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (noting longstanding rule that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Olson v. State of Kansas*, No. 92-3151, 1993 WL 118884 at *1 (10th Cir. April 16, 1993) (unpublished op.)[9] (affirming dismissal of speedy trial claim because there was no indication in the complaint that the claim had been presented to the state court), *citing United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (for comity reasons federal courts may require detainees incarcerated by the state, awaiting trial, to exhaust speedy trial claims in state court before seeking writ of habeas corpus).

Petitioner has not shown the requisite special circumstances sufficient to warrant federal court intervention into an ongoing state criminal prosecution. Furthermore, Petitioner has not exhausted available state court remedies. Accordingly, it is recommended that the Court abstain from considering Petitioner's claims and that this action be dismissed without prejudice to allow Petitioner to exhaust his available state remedies.

---

[8](...continued)
oe&iID=&iDOBL=&iDOBH=&SearchType=2&iAPT=&iDCPT=&iDCType=0&iYear=&iNumber=&icitation=.

[9]This and all other unpublished Tenth Circuit opinions referenced in this Report are cited for their persuasive authority pursuant to 10th Cir. R. 36.3(B).

**RECOMMENDATION**

It is recommended that this action be summarily dismissed without prejudice to refiling.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by April  20th , 2005. *See* LCvR72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

The Court Clerk is directed to transmit by electronic mail a copy of this Report and Recommendation to the Respondent for informational purposes.

ENTERED this  31st  day of March, 2005.

*(signature)*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE